IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BERNICE JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>EG&G DEFENSE MATERIALS, INC., a division of URS Corporation, Inc., a corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:09-CV-751 TS |

This matter is before the Court on Defendant's Motion to Dismiss. Plaintiff's claim is based on the False Claim Act ("FCA"), 31 U.S.C. § 3730(h), and wrongful discharge under Utah public policy. For the reasons discussed below, the Court will grant the Motion.

**I. Facts**

The following facts are taken from the Complaint.[1] Plaintiff was employed by Defendant for more than eleven years, but was terminated on November 2, 2004. Defendant is a government contractor responsible for chemical warfare agent disposal operations at the United

---

[1]Docket No. 2.

1

State Army's Tooele Chemical Agent Disposal Facility (TOCDF) in Tooele, Utah. Plaintiff was employed by Defendant in receiving and had duties that included tracking property, including chemical agent munitions and related containers and equipment. Plaintiff began working for Defendant in June of 1993 as a Supply Deputy Clerk. Plaintiff was promoted to a Warehouse position and, three years later, her title was changed to Receiving Clerk. In 2001, Plaintiff received yet another promotion to a Disposition/Equipment Specialist. As an Equipment Specialist, Plaintiff's duties included performing warehousing, inventory control and property management. Plaintiff was also temporarily assigned as a buyer in 2003.

During her eleven years of employment, Plaintiff became familiar with federal acquisition regulations and property control plans and procedures including receiving, warehousing, material management and shipping procedures. While Plaintiff was employed by Defendant, it lost Army approval for its government property control systems. Defendant eventually regained Army approval, in June 2004, for its governmental property control system based on what Plaintiff alleges were misrepresentations by Defendant that it had reinstituted an adequate government property control system.

Plaintiff reported internally to her managers material facts reflecting that Defendant had not maintained nor reinstituted an adequate or competent property control system as required by the Army. Plaintiff also alleges she was about to testify to the Army contract officer regarding material facts reflecting that Defendant had not maintained an adequate or competent property control system, as required and as represented.

Plaintiff alleges Defendant knew that Plaintiff had engaged in and was about to engage in

conduct protected by the False Claims Act. Plaintiff alleges that her discharge was motivated by the activities outlined above and that such activities were protected by the False Claims Act.

## II. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] However, the Court may not decide disputed issues of fact.[3] This standard applies to both the original and amended complaint.[4] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5] But, the court "need not accept conclusory allegations without supporting factual averments."[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

The Court explained that a plaintiff must "nudge[ ][his] claims across the line from

---

[2]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[4]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[6]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

conceivable to plausible" in order to survive a motion to dismiss.[8] Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[9]

### III. Discussion

Defendant first argues that Plaintiff's claims fail because they are barred by the statute of limitations. Defendant also argues that Plaintiff's FCA claim fails because she did not engage in protected activity under § 3730(h). Because the Court finds Plaintiff's claim is time barred, it will not address this alternative argument.

The FCA provides, among other things, protection to employees who suffer retaliation from their employers for lawful acts taken in furtherance of an action under the FCA:

> An employee who is discharged . . . by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation of, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole . . . An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.[10]

The Supreme Court has held that the FCA does not provide an express statute of limitations for a retaliation claim under § 3730(h) and, therefore, courts must borrow the most closely analogous

---

[8] *Id*.

[9] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[10] 31 U.S.C. § 3730(h).

4

state limitations period.[11]  It is undisputed that in Utah, the most closely analogous state limitations period is the common law claim of wrongful discharge in violation of public policy.[12]  The statute of limitations for a claim of wrongful discharge in violation of public policy is four years.[13]  Therefore, the discussion below applies to both the FCA and the Utah public policy violation claims.

Defendant argues that Plaintiff was terminated on November 2, 2004, and did not file her Complaint until August 26, 2009, four years, nine months, and 25 days after her termination.  Plaintiff argues that she had four years from the accrual of her cause of action to file her Complaint and that her claims did not accrue until she discovered she was terminated because of her protected activities under the FCA and Utah common law.  Plaintiff argues that she did not discover the reasons she was terminated until a decision was issued on February 13, 2006, by a Department of Labor Administrative Law Judge who conducted a three-day administrative hearing from August 24-26, 2005.[14]  Therefore, Plaintiff argues that the discovery rule applies,

---

[11] *Graham County Soil & Water Conservation Dist. v. United States*, 545 U.S. 409, 422 (2005).

[12] Memo. in Support, Docket No. 8 at 5; Response in Opp., Docket No. 13 at 7.

[13] UTAH CODE ANN. § 78B-2-307.

[14] Plaintiff originally believed she was terminated because of activities protected by the federal environmental statutes, and she filed an action within 30 days of her termination before the United States Department of Labor seeking relief under the applicable statutes, including 42 U.S.C. § 6971.  In her report, the ALJ wrote "there was considerable evidence that, because the Complainant was a friend of the Army Contracting Officer, that the contract with the Army might be at risk of not being renewed, if the Army found out about the discrepancies in the property inventory.  As such there is evidence that such may have been a motive in any personnel action against the Complainant." Docket No. 13, at 8.

that her claims did not accrue until February 13, 2006, and consequently her filing date of August 26, 2009, was timely.

Defendant counters that claims under the FCA are not subject to the discovery rule.

Under the discovery rule, the accrual date of a claim is "the date on which the plaintiff *discovers* that" she has been injured.[15] Further, "a claim accrues as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an *actual injury*."[16] The accrual date is unrelated to the date a potential plaintiff learns he has become the victim of a legal wrong.[17] In other words, "[t]he discovery rule delays the initial running of the statute of limitations, but only until the plaintiff has discovered: (1) that he or she has been injured; and (2) that this injury has been caused by another party's conduct."[18] "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."[19] The question, therefore, "is when did the [plaintiff] suffer an actual injury."[20] In discharge cases, courts have held that a plaintiff "discovered" the injury on the day he or she was informed of their discharge because they have become aware "(1) that she

---

[15] *Podobnik v. United States Postal Service*, 409 F.3d 584, 590 (3d Cir. 2005) (italics in original).

[16] *Id*. (italics in original); *Quinn v. Univ. of Oklahoma*, 276 Fed. Appx. 809, 812 (10th Cir. 2008).

[17] *Podobnik*, 409 F.3d at 590.

[18] *Id*.

[19] *Quinn*, 276 Fed. Appx. at 811.

[20] *Podobnik,* 409 F.3d at 590.

had been injured, *i.e.*, discharged, and (2) that this injury had been caused by another party's conduct."[21]

In this case Plaintiff was aware that she was injured, *i.e.*, discharged, and that this injury had been caused by Defendant's conduct on November 2, 2004. Plaintiff argues that she was not aware of the reasons for her termination until February 16, 2006. However, as already discussed, the statute of limitations starts running when the actual injury occurred, not when a plaintiff becomes aware she might have been the victim of a legal injury. Other courts have come to the same conclusion.

In *Podobnik*, the Third Circuit found that the injury occurred, when he was terminated, not when he became aware of a possible legal injury.[22] Similarly, in *Westak*, plaintiff was injured the date he found out he was fired, not the date he found out he was replaced with a younger individual.[23]

Plaintiff relies on four Seventh Circuit cases, *In re Copper Antitrust Litigation*,[24] *United State v. Duke*,[25] *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission*,[26] and *Cada*

---

[21] *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 287 (3d Cir. 2003) ("[plaintiff] 'discovered' the injury on April 10, 1990, the very date defendant law firm informed her or her discharge"); *Podobnik*, 409 F.3d at 591 ("Therefore, the latest date on which Appellant's claim could have possibly accrued was March 31, 1998, his last day of employment.").

[22] *Podobnik*, 409 F.3d at 590.

[23] *Wastak*, 342 F.3d at 286-87.

[24] 436 F.3d 782 (7th Cir. 2006).

[25] 229 F.3d 627 (7th Cir. 2000).

[26] 377 F.3d 682 (7th Cir. 2004).

7

*v. Baxter Healthcare Corp.*,[27] for the proposition that the discovery rule tolled the statute of limitations so that it did not begin to run on the date she was terminated, but rather on the date she discovered she was terminated because of her protected activities under the FCA.

In *Copper*, the Seventh Circuit stated that the discovery rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured."[28] The court went on to explain that the "principle is based on the general rule that accrual occurs when the plaintiff discovers that 'he has been *injured* and who *caused* the injury.'"[29] The court found that although plaintiff knew they were injured in 1996, they did not know who had injured them at that time. The issue presented to the Seventh Circuit was when a diligent inquiry would have revealed the perpetrator of the injury. That issue is not present in this case, as on the date of injury, the discharge, Plaintiff clearly knew who had discharged her and thereby injured her.

In *Duke*, plaintiff appealed the denial of his motion to return property forfeited during a criminal proceeding.[30] The question was when the statute of limitations period started.[31] Plaintiff argued that the period did not begin when the property was taken because he did not know it had been forfeited. The Seventh Circuit reiterated the rule that the "statute of limitations

---

[27]920 F.2d 446 (7th Cir. 1991).

[28]*Copper*, 436 F.3d at 788.

[29]*Id*. at 789 (quoting *Barry*, 377 F.3d at 688).

[30]*Duke*, 299 F.3d at 628-29.

[31]*Id*. at 629.

8

begins to run . . . when the plaintiff *discovers*, or by exercise of *due diligence* would have discovered, that he has been *injured* and who *caused* the injury."[32] The Seventh Circuit found it unreasonable that the plaintiff had not been aware of the seizure because the property was seized prior to trial, and having been convicted at trial could not have expected the property be returned to him.[33] The Court finds that this case does not support Plaintiff's proposition.

In *Barry*, plaintiff alleged that it was fraudulently induced into a service contract in 1993, but did not discover its injury until 2000 upon discovering an unmarked filing cabinet with material records. The district court dismissed both a § 1983 claim and a RICO claim based on the statute of limitations and its opinion that plaintiff knew it was injured as early as 1993 because it had brought complaints to the defendant regarding the facts forming the basis of the injury. The Seventh Circuit again stated "the general rule [is] that accrual occurs when the plaintiff discovers that 'he has been injured and who caused the injury.'"[34] In finding that the plaintiff was not barred by the statute of limitations, the Seventh Circuit also discussed an additional rule for fraud causes of action outlined in *Cada*.[35] The case currently before the Court does not deal with fraud.

Finally, in *Cada*, the Seventh Circuit again reiterated that plaintiff had to have discovered

---

[32]*Id*. at 630 (italics in original).

[33]*Id*.

[34]*Barry*, 377 F.3d at 688 (quoting *Duke*, 229 F.3d at 630).

[35]However, this rule was discussed in *Cada* in terms of an equitable tolling as an example of when a suit might not be time barred even when the statute of limitations has run. *Cada*, 920 F.2d at 451.

9

his injury on the day of termination even if he had not realized he was being injured on the date the decision to terminate him was communicated.

The Court finds no support in the cited cases for the proposition that Plaintiff's claim did not accrue until the time she became aware she might have been terminated based on her alleged protected activity. Instead, the Court finds the case law clearly supports the opposite proposition, that the statute of limitations begins to run on the date the Plaintiff learned of her injury and who caused it. Plaintiff was injured on the date she was terminated, November 2, 2004, and she simultaneously was aware that Defendant caused such injury. Therefore, the four year statute of limitations period ran on November 2, 2008, and the Court finds Plaintiffs claims are time barred.

Plaintiff also asks the Court for leave to amend any deficiency in establishing a timely Complaint. However, because any Amended Complaint would also be barred by the statute of limitations, amendment would be futile and the request to file an amended complaint is denied.

### IV. Conclusion

Based on the above, it is hereby

ORDERED that Defendant's Motion to Dismiss (Docket No. 7) is GRANTED. It is further

ORDERED that the hearing set for Thursday, July 8, 2010 is STRICKEN.

The Clerk of Court is directed to close this case forthwith.

DATED   June 24, 2010.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge